UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| ANGELICA MEDINA, O/B/O<br>WILBERT CRUZ,<br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CA No. 08-263 S<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

In this social security case, Plaintiff moves to reverse the decision of the Commissioner of Social Security (the "Commissioner") denying Supplemental Security Income benefits ("SSI") on behalf of her son, a minor who she claims is disabled. On September 30, 2009 Magistrate Judge Martin issued a Report and Recommendation (the "R&R", docket No. 13), recommending that Plaintiff's Motion be denied and that the Commissioner's decision be affirmed. Presently before the Court is Plaintiff's Objection to the R&R. The Court held a hearing on the Objection on November 23, 2009. For the reasons substantially explained at the hearing and summarized below, Plaintiff's objection is denied, and the Court accepts the R&R, which is attached hereto.

The Court conducted a de novo review of those portions of the R&R to which Plaintiff objected: Judge Martin's findings that (i) the Administrative Law Judge ("ALJ") who decided Plaintiff's case

on behalf of the Commissioner properly evaluated her credibility, and (ii) the ALJ's findings about Plaintiff's functional capabilities were supported by substantial evidence. See 42 U.S.C. § 405(g) (providing that factual findings of the Commissioner "shall" be conclusive "if supported by substantial evidence"). Regarding the credibility issue, as the Court stated at the hearing, and as Judge Martin observed, a reviewing court should be especially wary of second-guessing the credibility findings of an ALJ who observed the testimony at issue and questioned the witness. See Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987) (explaining that ALJs' credibility determinations are "entitled to deference, especially when supported by specific findings"). Here, the ALJ referred to Plaintiff's allegations throughout the opinion, and then discussed the evidence pertaining to each allegation at length. (See, e.g., Administrative Record ("A.R.") at 16, 17, 18.) Accordingly, while not explicitly referring to particular statements Plaintiff made at the hearing, or quoting her testimony, the ALJ clearly considered her relevant allegations, and properly supported his determination that the allegations were not entirely credible with citations to evidence in the record. (See id.)

As for the functional capability findings, Judge Martin correctly found that the ALJ was entitled to discount the opinions of medical and non-medical sources who believed that Plaintiff's

son suffered from a "marked" impairment in the domain of acquiring and using information. The ALJ committed no error by relying on the opinions of other medical sources who found a less-than-marked limitation in that domain, because other evidence in the record, including quantitative testing data, tended to refute the severity of the impairment. (See id. at 16, 272, 324.) The ALJ's determination as to the child's ability to acquire and use information was thus supported by substantial evidence.

For the reasons stated in the R&R, there is also no indication that Plaintiff can show the ALJ misjudged the child's capabilities in the other functional domain at issue, attending and completing tasks. However, even if she could, the error would have no effect on the outcome. To prevail, Plaintiff would have to prove that the ALJ failed to recognize "marked" limitations in each of two functional domains. See 20 C.F.R. § 416.926a(a). Establishing a "marked" limitation in attending and completing tasks would not make the ALJ's finding that there was no "marked" limitation in acquiring and using information any less supportable. Winning that particular argument would thus be futile, because it would not secure the relief Plaintiff seeks. See Dantran, Inc. v. United States Dep't of Labor, 171 F.3d 58, 73 (1st Cir. 1999) (noting that courts need not remand cases to agencies for futile errors).

For each of these reasons, Plaintiff's Objection is overruled, and the R&R is adopted in full. Plaintiff's Motion to Reverse the

3

Decision of the Commissioner is DENIED and the Commissioner's Motion to Affirm the Decision is GRANTED.

IT IS SO ORDERED.

/s/ WSmith

William E. Smith
United States District Judge
Date: 12/17/09